# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JARRET JEAN McCASLAND | CIVIL ACTION NO. |
| VERSUS | 22-331-SDD-EWD |
| DARREL VANNOY, ET AL. | |

## RULING

Before the Court is the State's Motion to Reconsider September 8, 2025 Ruling ("Motion") filed by Respondent, the State of Louisiana ("Respondent")[1] that requests this Court reconsider granting an evidentiary hearing on the Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Jarret Jean McCasland ("Petitioner"). No timely opposition was filed.[2] For the following reasons, the Court will grant the Motion, cancel the evidentiary hearing, adopt in part the pending Report and Recommendation, and grant a certificate of appealability on the issue of equitable tolling.

   I.   **Evidentiary Hearing**

First, Respondent requests this Court reconsider its decision to defer ruling on the Report and Recommendation and ordering that an evidentiary hearing be held.[3] After further review, the Court has determined an evidentiary hearing is unnecessary at this time. To obtain an evidentiary hearing in federal court, a petitioner must clear the hurdles presented by §§ 2254(d) and 2254(e) and persuade the court that it an evidentiary hearing is necessary. These statutes contemplate the holding of evidentiary hearings, generally,

---

[1] Rec. Doc. 37.

[2] *See* Local Rule 21(f) (oppositions shall be filed within twenty-one days after service of the motion).

[3] Rec. Docs. 33 & 37.

to flesh out factual details regarding the merits of the claims in narrow circumstances.[4] On occasion, evidentiary hearings may also be held to determine if equitable tolling is warranted.[5]

Equitable tolling requires both that the litigant has been pursuing his rights diligently, and that some extraordinary circumstances stood in his way of asserting his rights.[6] The facts of this case regarding an extraordinary circumstance are clear and require no further evidence. Though current case law leads this Court to conclude an extraordinary circumstance did not exist, reasonable jurists could disagree on this conclusion, so, as discussed below, a certificate of appealability will be issued.

## II.     The Petition is Untimely

Petitioner points to language the Louisiana Supreme Court used to deny the Motion for Reconsideration of the untimely writ and argues that the direct appeal was pending until the denial of the Motion for Reconsideration.[7] Petitioner then goes further to argue that after the denial of the Motion for Reconsideration, the conviction was not final for another 90 days, during which time he could have sought review at the Supreme Court of the United States. Even if this Court tolls *all* the time any pleading was pending at the Louisiana Supreme Court and does not start the clock for AEDPA[8] purposes until the denial of the Motion for Reconsideration, the Petition remains untimely, as 401 days

---

[4] *See Murphy v. Johnson*, 205 F.3d 809, 815 (5th Cir. 2000) (noting the narrow circumstances in which an evidentiary hearing may be held, generally).

[5] *See Holland v. Florida*, 560 U.S. 631, 654 (2010) ("we leave it to the Court of Appeals to determine whether the facts in this record entitle Holland to equitable tolling, or whether further proceedings, including an evidentiary hearing, might indicate that respondent should prevail.").

[6] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[7] R. Doc. 14, p. 5.

[8] "AEDPA" refers to the Anti-Terrorism and Effective Death Penalty Act.

of untolled time passed.[9] The argument that time was tolled for the 90 days within which petitioners may generally seek review at the United States Supreme Court falls flat. As noted in the Report and Recommendation and is clear from the case law, once a petitioner fails to timely file with the state courts, that is the end of review for purposes of AEDPA.[10]

### III.    A Certificate of Appealability Will Be Issued

Though the weight of the case law is against equitable tolling in this case, as discussed in the Report and Recommendation,[11] the unique circumstances of this case warrant additional consideration. The controlling standard for whether a certificate of appealability should issue is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further."[12] The writ of certiorari filed with the Louisiana Supreme Court on direct appeal in this case was only two minutes and fifty seconds late and that that filing is what was the beginning spiral for the other failures in this case. That alone may not be sufficient for "reasonable jurists" to debate whether the matter should proceed further, but a review of recent decisions from the Louisiana Supreme Court demonstrates that it does not treat all untimely filings the same.

---

[9] The Louisiana Supreme Court denied the Motion for Reconsideration on September 21, 2018. *State v. McCasland*, 2017-0823 (La. 9/21/18), 252 So.3d 913 (Mem.). The clock began to run on September 22, 2018, and stopped when Petitioner filed his PCR Application on May 29, 2019. R. Doc. 7-26, p. 24. Accordingly, 249 days passed that counted toward the clock for purposes of AEDPA. Petitioner's PCR proceedings concluded on December 21, 2021, and this Petition was not filed until May 23, 2022. Accordingly, 152 more days passed that counted towards the limitations period, so in all, 401 days of untolled time passed, even if this Court gives Petitioner the benefit of tolling the limitations period the entire time the Motion for Reconsideration was pending.

[10] R. Doc. 30, p. 5.

[11] R. Doc. 30, pp. 7-13.

[12] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted).

This very month, in *Louisiana v. Frank*,[13] the Louisiana Supreme Court recognized "[o]ur rules expressly authorize relief for untimely filings 'due to technical failure.'"[14] In *Frank*, the court "exercise[d] [its] discretion…to review the application."[15] In Petitioner's case, technical errors were the precise reason for the untimely filing, and though the Louisiana Supreme Court's internal system did not show the writ application was uploaded before midnight in this case, as in *Frank*, Petitioner's attorney submitted ample evidence that he had been attempting to submit the filing for hours before the submission was successful. Considering this disparate treatment and that the writ at the Louisiana Supreme Court being deemed untimely appears to have been the first domino to fall and cause a cascade of problems, reasonable jurists could disagree on whether the circumstances of this particular case are extraordinary.

Similarly, reasonable jurists could disagree regarding whether Petitioner exercised sufficient diligence to benefit from equitable tolling.[16] The Court has specifically considered the fact that Petitioner had *something* pending in *a* court challenging his conviction and sentence continuously, until December 21, 2021, when the Louisiana Supreme Court denied writs on Petitioner's PCR Application.[17] Thus, a certificate of appealability will be issued to determine whether Petitioner is entitled to equitable tolling.

---

[13] 25-767, --- So.3d --- (La. 10/7/2025) 2025 WL 2848921.

[14] *Id.* at *2.

[15] *Id.*

[16] The Court recognizes that more evidence may be needed on the issue of diligence, if the circumstances are considered extraordinary, such as to warrant further exploration into Petitioner's diligence.

[17] R. Doc. 1-5, pp. 1-3; *State of Louisiana v. McCasland*, 21-1141 (La. 12/21/21), 329 So. 3d 275 (Mem.). "PCR" refers to post-conviction relief.

After a *de novo* review, the Court hereby approves the *Report and Recommendation* of the Magistrate Judge[18] and adopts it as the Court's opinion herein, with the exception of the recommendation regarding a certificate of appealability. The question regarding whether Petitioner should be entitled to equitable tolling in this case is debatable among jurists of reason. Therefore, the Court will grant a certificate of appealability on the issue of equitable tolling, should Petitioner seek to appeal.

**ACCORDINGLY**,

**IT IS ORDERED** that the Motion for Reconsideration of September 8, 2025 Ruling[19] filed by Respondent is **GRANTED** and the telephone conference set for November 12, 2025 is canceled.

**IT IS FURTHER ORDERED** that Petitioner's application for habeas corpus relief is **DENIED** as untimely,[20] and this proceeding is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **GRANTED** with respect to whether Petitioner is entitled to equitable tolling, should Petitioner seek to appeal.

Signed in Baton Rouge, Louisiana, on this ___3rd___ day of November, 2025.

_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[18] R. Doc. 30.
[19] R. Doc. 37.
[20] R. Doc. 1.