**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JARRET JEAN McCASLAND                                    CIVIL ACTION NO.

VERSUS                                                  22-331-SDD-EWD

DARREL VANNOY, ET AL.

## RULING

Before the Court are two Motions filed by Petitioner Jarret Jean McCasland ("Petitioner"): a Motion for Reconsideration of Judgment and a Motion to Stay and Abey.[1] The Motion for Reconsideration is, in effect, a Motion seeking relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. Both Motions will be denied.

On November 3, 2025, the Petition for Writ of Habeas Corpus in this case was dismissed with prejudice as untimely.[2] Petitioner did not take an appeal from that Ruling, despite a certificate of appealability being granted on the issue of equitable tolling.

### I.    Rule 60 Motion

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief.  Reading the argument liberally, it appears Petitioner is alleging that, in light of *Frank*,[3] the previous judgment in this case is no longer equitable. This, however, overlooks the fact that *Frank* was issued

---

[1] R. Docs. 45 & 46.

[2] R. Docs. 30, 38, & 39.

[3] *Louisiana v. Frank*, 25-767 (La. 10/7/2025) 420 So. 3d 22.

before this Court rendered its final Ruling, from which Petitioner appears to have been alerted of the existence of the *Frank* case at all.[4] The Petitioner now argues the Louisiana Supreme Court rule that rendered Petitioner's writ untimely is, in light of *Frank*, not an adequate and independent state ground.[5] Arguments that could have previously been made are invalid grounds for relief under Rule 60(b),[6] and the precise argument now raised by Petitioner could have been raised in opposition to the Motion for Reconsideration, but not only was the argument not made, no opposition was filed at all. Accordingly, this argument or any argument arising from the *Frank* decision cannot form the basis for relief for a Rule 60(b) motion, as any argument arising therefrom could have previously been made.[7]

Even if the Court considered the argument, it fails on the merits. Allowing one pleading to be filed in one case does not render the Rule inadequate or not "regularly" followed.[8] The deviation from the rule also arose over seven years after the Louisiana Supreme Court's decision in this case. Nothing indicates that the rule was not regularly followed in all the years leading up to *Frank*. Rather, the opposite is true, the dissent in

---

[4] The first mention of *Louisiana v. Frank*, 25-767 (La. 10/7/2025) 420 So. 3d 22 by Petition was in his first Motion to Stay and Abey filed after this Court's Ruling and Judgment dismissing this case, in which this Court noted because of *Frank*, reasonable jurists may disagree regarding whether the circumstances of this particular case are extraordinary warranting equitable tolling.

[5] Though couched as a due process claim, the substance of the argument is that the rule the dismissal as untimely at the Louisiana Supreme Court was based upon is not an independent and adequate state ground.

[6] *U.S. Bank National Association v. Lamell*, No. 19-2402, 2021 WL 4440178, at *2 (S.D. Tex. May 20, 2021).

[7] The remainder of the arguments made by Petitioner are admittedly unexhausted and would be subject to dismissal as such, if the Court allowed the arguments to be made at this time. Petitioner specifically states "no state court has had the opportunity to consider these claims...." R. Doc. 45-1, p. 7. Because these claims are entirely new, there is nothing to reconsider.

[8] *See Walker v. Martin*, 562 U.S. 307, 316 (2011) (explaining that to qualify as an adequate procedural ground, a state rule must be "firmly established and regularly followed," even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others.").

*Frank* makes clear that the rule was regularly followed up until October 7, 2025, when the *Frank* opinion issued.[9] Accordingly, even if the Court were to consider the argument, it is without merit.

## II. Request to Stay and Abey

Regarding the Motion to Stay and Abey Petition for Habeas Corpus, Petitioner asserts he seeks to challenge the constitutionality of his conviction based on significant developments in the law, as well as new facts regarding the assessment of culpability in homicide cases based on the distribution or dispensation of controlled dangerous substances to someone who dies after consuming or ingesting them.[10] Stay and abeyance should be granted only in limited circumstances when there is "good cause for [the] failure to exhaust, [the] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."[11]

Because it does not appear Petitioner's post-conviction application will clear procedural hurdles in state court, a stay would be inappropriate. First, Petitioner's application for post-conviction relief in the state court would be successive, and "Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La. Code of Criminal Procedure article 930.4 and within the limitations period set out in Louisiana Code of Criminal Procedure article 930.8."[12] Second, Petitioner's application should be dismissed

---

[9] *Frank*, 420 So.2d at 27-28 ("this Court has repeatedly explained that it considers the rule jurisdictional in nature and enforces it strictly against counseled applicants.") (internal quotation marks and citations omitted).

[10] R. Doc. 46-1, pp. 6-7.

[11] *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

[12] *State v. McCasland*, 21-1141 (La. 2021) 329 So.3d 275.

as untimely at the state court.[13] Louisiana Code of Criminal Procedure article 930.8 requires that applications for post-conviction relief be filed within two years after the judgment of conviction and sentence has become final. It has been far longer than two years since the judgment of conviction and sentence became final in this case, which occurred on May 18, 2017,[14] and none of the narrow exceptions listed in Louisiana Code of Criminal Procedure article 930.8 apply.[15] Petitioner's plan to rely on the gradual evolution of standards of decency and of the law to obtain relief in an untimely and successive application for post-conviction relief is unlikely to succeed.[16] Petitioner attempts to couch these arguments as "new" law and facts, perhaps in an attempt to fall into an exception to the two year limitation, but the facts surrounding the crime have not changed, and there has been no "new" law that has become retroactive that would change the outcome of Petitioner's case.[17] Since the claims are unlikely to have merit, this case should not be stayed. Accordingly,

IT IS ORDERED that Petitioner's Motion for Reconsideration in Light of Louisiana Supreme Court's January 21, 2026 Ruling[18] is hereby DENIED.

---

[13] *Louisiana v. El-Amin*, 18-533 (La. App. 1st Cir. 7/17/18) 2018 WL 3455926, at *1 ("If an application for postconviction relief is untimely under Article 930.8, it should not be considered on the merits.").

[14] R. Doc. 30, p. 6.

[15] The untimely application in state court will not allege new facts, nor is there some new interpretation of constitutional law that is retroactively applicable to Petitioner's case, and the other narrow exceptions enumerated in Article 930.8 do not apply.

[16] If such arguments were permissible, convictions could be frequently challenged because society is ever evolving, and definitions and sentences for crimes change frequently; this would be in direct contradiction with the need for finality in criminal convictions.

[17] Notably changes in the law only evade the two-year limitation when "[t]he claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling." La. C.Cr.P. art. 930.8(A)(3). There is no such allegation of such a change in the law in this case.

[18] R. Doc. 45.

IT IS FURTHER ORDERED that Petitioner's Motion to Stay and Abey Petition for Habeas Corpus[19] is DENIED.

Signed in Baton Rouge, Louisiana, on April 29, 2026.

_____
CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[19] R. Doc. 46.