**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JARRET JEAN McCASLAND** | **CIVIL ACTION NO.** |
| **VERSUS** | **22-331-SDD-EWD** |
| **DARREL VANNOY, ET AL.** | |

**RULING**

This matter comes before the Court on Petitioner's Motion to Proceed *in Forma Pauperis* on Appeal.[1] However, pursuant to 28 U.S.C. § 2253(c), the law is clear that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court …." Broadly speaking, the denial of a Rule 60 motion is a final order in a habeas corpus proceeding, so the order falls under the purview of § 2253(c).[2] Accordingly, a certificate of appealability is required to appeal this Court's Ruling denying the Rule 60 Motion,[3] so this Court construes the Motion as both seeking a certificate of appealability and permission to proceed in forma pauperis on appeal.[4]

A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[5] In cases where the federal court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a

---

[1] R. Doc. 52.

[2] 28 U.S.C. § 2253; *Ochoa Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007).

[3] R. Doc. 47.

[4] R. Doc. 52.

[5] 28 U.S.C. § 2253(c)(2).

valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[6] In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[7] Here, reasonable jurists would not debate the correctness of the denial of Petitioner's Rule 60 Motion.[8] Accordingly, Petitioner will not be granted a certificate of appealability.[9]

Because this Court now denies a certificate of appealability, pursuant to 28 U.S.C. § 2253(c), inasmuch as Petitioner is not allowed to appeal from the judgment entered in this case because of the denial of a certificate of appealability, his Motion to Proceed *in Forma Pauperis* on Appeal shall be denied.[10] Accordingly,

**IT IS ORDERED** that the Motion for Certificate of Appealability which seeks to appeal the denial of the Motion for Reconsideration filed by Petitioner is **DENIED**.[11]

---

[6] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).

[7] *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

[8] R. Doc. 47.

[9] The Court granted a certificate of appealability on the issue of equitable tolling, but Petitioner did not follow through and appeal that issue. R. Doc. 38. Rather, Petitioner now, essentially, seeks a certificate of appealability on the Ruling denying the Motion for Reconsideration, which does not merit a certificate of appealability. It is important to note that while the underlying equitable tolling issue warranted a certificate of appealability, the correctness of the ruling regarding whether Petitioner was entitled to Rule 60 relief is not debatable. The Court also notes that the Rule 60 Motion is not a disguised successive habeas petition, as it attacks a procedural ruling (*i.e.*, the statute of limitations issue, rather than a ruling on the merits). *See Gonzales v. Crosby*, 545 U.S. 524, 535 (2005); *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018). Accordingly, it was properly before this Court.

[10] R. Doc. 52.

[11] R. Docs. 47, 48, & 52.

**IT IS FURTHER ORDERED** that the Amended Motion to Proceed *in Forma Pauperis* on Appeal is **DENIED**.[12]

Signed in Baton Rouge, Louisiana, on October 5, 2026.

Shelly D. Dick

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

[12] R. Doc. 52.